UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CRIMINAL ACTION NO. 07-188-KSF

UNITED STATES OF AMERICA,                           PLAINTIFF,

V.          **MAGISTRATE JUDGE'S REPORT & RECOMMENDATION**

JAMES BOYD GOREE, JR.,                              DEFENDANT.

## I. INTRODUCTION

Pursuant to a plea agreement with the United States, James Boyd Goree, Jr. pleaded guilty to possession of cocaine base with intent to distribute, and waived his right to appeal or collaterally attack his guilty plea, conviction, and sentence. [R. 16]. On May 16, 2008, he was sentenced to a term of 120 months imprisonment, to be followed by six (6) years of supervised release. [R. 23]. Goree did not file a direct appeal. In this action brought pursuant to 28 U.S.C. § 2255, he seeks to vacate, set aside, or correct his sentence, based on alleged ineffective assistance of his counsel. [R. 30]. Because the Defendant waived his right to collateral attack, and because his claims fail on the merits, the Court recommends that the Motion to Vacate, Set Aside, or Correct Sentence [R. 30] be denied.

## II. WAIVER OF RIGHT TO COLLATERAL ATTACK

Despite the waiver contained in his plea agreement**,** on May 15, 2009, Goree, proceeding *pro se*, filed a Motion to Vacate under 28 U.S.C. § 2255, alleging that his attorney rendered ineffective assistance of counsel by: (1) failing to file a motion to suppress; and, (2) failing to investigate Goree's claim of "actual innocence" to one of his prior

convictions, which was used to designate him as a career offender. [R. 30 at 4-6].[1] The United States' argues that Goree's motion should be dismissed because he waived his right to collaterally attack his guilty plea, conviction, and sentence. [R. 49].

Following a Rule 11 colloquy, the district court found that Goree's guilty plea was knowing, intelligent and voluntarily, and that he waived his right to collaterally attack his guilty plea, conviction, and sentence. [R. 16 at 3; see also R. 27 at 6:8-11; 9:14-20]. It is well-established that a defendant's informed and voluntary waiver will bar a collateral attack on his guilty plea, conviction, and sentence, see Watson v. United States, 165 F.3d 486, 489 (6th Cir. 1999); such a waiver also bars collateral attacks based upon claims of ineffective assistance of counsel, so long as they do not relate to "the very validity of [the] guilty plea." In re Acosta, 480 F.3d 421, 422 (6th Cir. 2007); see also, Davila v. United States, 258 F.3d 448, 451 (6th Cir. 2001). The Acosta panel provided guidance by stating that examples of claims going to the "very validity of the guilty plea," would be that "the plea was not knowing or voluntary, or was the product of ineffective assistance of counsel." Acosta, 480 F.3d at 422. Similarly, the panel in Davila noted that the majority of other Circuits have found that claims of ineffective assistance of counsel can be waived unless they "relate *directly* to the plea agreement or the waiver." Davila, 258 F.3d at 451 (emphasis added). These decisions indicate that in order to be non-waivable, an ineffective assistance of counsel claim must have some direct relation to the guilty plea, and not merely a vaguely-articulable

---

[1] Goree originally filed the motion on May 15, 2009, but it was inadvertently docketed as a Motion for Retroactive Application of Sentencing Guidelines. [R. 29]. On June 19, 2009, the Court ordered that the filing be redocketed as a motion to vacate. [Id.].

2

connection. Courts have noted that the following claims of ineffective assistance of counsel most often cannot be waived by a plea agreement: claims of ineffective assistance of counsel in entering the plea agreement; United States v. Djelevic, 161 F.3d 104, 106 (2d Cir. 1998); claims related to the actual negotiation of the plea agreement, Jones v. United States, 167 F.3d 1142, 1144-45 (7th Cir. 1999); claim that plea agreement was not "knowing and voluntary because it was the result of ineffective assistance of counsel," DeRoo v. United States, 223 F.3d 919, 923-24 (8th Cir. 2000); claims that counsel had engaged in "unprofessional inducement of the defendant to plead guilty or to accept a particular plea bargain," United States v. Pruitt, 32 F.3d 431, 433 (9th Cir. 1994); claims challenging the validity of the plea agreement or the waiver itself, United States v. Cockerham, 237 F.3d 1179, 1187 (10th Cir. 2001). With these principles in mind, the Court turns to whether either of Goree's claims go to the validity of the guilty plea, and thus, were not waived by his plea agreement.

**(A) Ineffective assistance of counsel for failing to file a motion to suppress.**

The Defendant's first claim, that his attorney should have filed a motion to suppress evidence obtained by a search warrant, does not go to the validity of the plea agreement. The Defendant cannot articulate a sufficient connection to show that the failure to file a motion to suppress affected the knowing and voluntary nature of his guilty plea; thus, this claim was waived by his plea agreement. It is uncontested that Goree and his attorney discussed the search warrant "in great detail" and that after investigating the facts, counsel determined that no credible grounds for challenging the warrant existed. [R. 35, *Affidavit of Counsel* at 1-2].

3

Counsel believed that filing a motion to suppress "would have been useless," and counsel's decision not to file a motion to suppress was made "with the Defendant's full consent and knowledge." [Id. at 2]. It is evident from the record that the Defendant discussed the search warrant with counsel prior to pleading guilty, and decided against filing a motion to suppress. Goree's contention that counsel should have filed a motion to suppress does not, in any way, implicate any conduct by counsel that would bear on the validity of Goree's guilty plea. See United States v. Cedeno, 1:CR-05-216, 2008 WL 4415600 (M.D. Pa., Sept. 25, 2008) ("Defendant's allegation here, standing alone, that his lawyer failed to pursue the suppression motion and instead convinced him to plead guilty is deficient since the allegation does not challenge the validity of the guilty plea."). Because this ground does not challenge the validity of the guilty plea, this claim was waived by plea agreement. In addition, the undersigned notes, as set forth *infra*, that the claim would also fail on the merits.

**(B) Ineffective assistance for failure to investigate prior convictions.**

Likewise, the Court finds that the Defendant's second claim, that counsel failed to investigate one of the Defendant's prior convictions, does not go to the validity of the guilty plea itself, and was waived by the plea agreement. The United States sought an enhanced statutory penalty pursuant to 21 U.S.C. § 841(b)(1), "based on the Defendant's prior final felony drug conviction for distribution of controlled substances, which was imposed in or about 1992 in Montgomery, Alabama, and for which the Defendant received a sentence of four years." [R. 9]. In his plea agreement, Goree admitted to the prior drug felony conviction, and acknowledged that he was subject to the enhanced statutory penalty. [R. 16

at 2-3]. Furthermore, the district court discussed this conviction and the enhanced penalty with the Defendant during his rearraignment. [R. 27 at 5:16-24]. In his motion to vacate, Goree claims counsel was ineffective for failing to investigate Goree's claim of "actual innocence" to this conviction. [R. 30 at 5]. As a basis for this assertion, he alleges that the sentence was "vioded [sic] after evidence of police misconduct tainted the conviction. Defendant was released from prison and has diligently sought thereafter to have the conviction removed from his record." [Id. at 6]. Goree attached several letters he wrote to the state courts in Alabama, though all of these letters are dated *after* he was sentenced in the current case. [See R. 30].

The Defendant clearly waived any right to collaterally attack the validity of his prior convictions. As a general rule, most errors involving sentencing do not go to the validity of the guilty plea itself. See e.g. United States v. Joiner, 183 F.3d 635, 644-45 (7th Cir. 1999) ("garden-variety attacks" on sentences, disguised as ineffective assistance of counsel claims, are normally within the scope of plea agreement waivers). Goree claims that he would not have entered into the plea agreement if he had known that he could challenge the validity of his prior conviction. [R. 30, Memo. at 17]. This assertion flies in the face of the entire record, and does not provide a sufficient basis for challenging the knowing and voluntary nature of the Defendant's guilty plea. As noted by the Sixth Circuit, a waiver should be enforced where the claim asserted "is an issue clearly contemplated by, and subject to, [a defendant's] plea agreement." Watson v. United States, 165 F.3d 486, 489 (6th Cir. 1999) *citing* United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir. 1993). The Defendant was

aware that his prior convictions were being used to enhance his statutory penalty, and now alleges that the conviction was "voided," and that he was granted early release from prison; however, if this allegation is correct, the Defendant was well aware of this fact when he knowingly and voluntarily entered into the plea agreement. "Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the records are wholly incredible." Blackledge v. Allison, 431 U.S. 63, 74 (1977). The Defendant admitted to the validity of his prior conviction by entering into the plea agreement, and by his admissions in open court. His subsequent allegations are insufficient to overcome his prior admissions. Goree fails to articulate a credible basis for attacking the validity of his knowing and voluntary decision to enter a plea of guilty, and this claim was waived by his plea agreement. In the alternative, as addressed *infra*, this claim also fails on the merits.

### III. INEFFECTIVE ASSISTANCE OF COUNSEL

Even if the Defendant had not waived his right to collateral attack, he fails to show that his attorney rendered constitutionally ineffective assistance. In order to prevail upon his ineffective assistance of counsel claims, Goree must first show that "counsel's representation fell below an objective standard of reasonableness." Strickland v. Washington, 466 U.S. 668, 687 (1984). Second, he must demonstrate that the deficient performance prejudiced the defense. Id.; see also Hill v. Lockhart, 474 U.S. 52, 58 (1985). The Supreme Court has cautioned that "[j]udicial scrutiny of counsel's performance must be highly deferential....A

fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Strickland, 466 U.S. at 689. With these standards in mind, the Court finds that none of the Defendant's claims are meritorious.

**(A) Failure to File Motion to Suppress**

Defendant's first claim is that counsel should have filed a motion to suppress. In order to meet his burden of proving ineffective assistance of counsel, Goree must first show that counsel's failure to file a motion to suppress fell below the objective standard of reasonableness, and he "must also prove that his Fourth Amendment claim is meritorious." Kimmelman v. Morrison, 477 U.S. 365, 374-75 (1986). "Conversely, if such a motion would fail, counsel may not be criticized for having accurately assessed his client's chances of successfully challenging the warrant." Worthington v. United States, 726 F.2d 1089, 1093-94 (6th Cir. 1984) (Contie, concurring). Goree contends that counsel should have moved to suppress the search warrant in this case, because: (1) "the magistrate was not neutral or detached;" (2) the affidavit in support did not provide probable cause for the search; and, (3) the affiant made "false and/or misleading statements" in the affidavit. [R. 30 at 4; see also, R. 30, Memo.]. Defense counsel states that he discussed the validity of the search warrant with the Defendant "in great detail" and after conducting research on the issue, found there were no credible challenges that could be made. [R. 35, *Affidavit of Counsel*, at 1-2].

The Defendant does not appear to have reproduced the entire affidavit supporting the

7

search warrant in his motion; despite this failure, the excerpts show that counsel's decision not to file a motion to suppress was objectively reasonable under Strickland. According to the information provided by the Defendant, the affidavit was sworn "on or about October 12, 2007", by a detective with the Lexington-Fayette police. [R. 30, Memo. at 4]. Portions of the affidavit provided by the Defendant include statements showing, among other things, that: (1) the Defendant was identified as a supplier of crack-cocaine by suspects in separate investigations [Id. at 5-6]; (2) investigators conducted surveillance of the Defendant and his associates and observed actions that, based on their training and experience, they believed to be associated with trafficking in controlled substances [Id. at 10-11]; (3) investigators recovered plastic baggies with the corners torn, which is evidence of drug trafficking, from the garbage in front of Goree's residence [Id.]; (4) investigators recovered evidence of cocaine and marijuana trafficking from the garbage of Anthony Stewart, an individual who was repeatedly seen entering Goree's residence [Id.]; (5) during one of Mr. Stewart's visits to the Defendant's residence, Goree was observed going outside the home, looking around, and retrieving a plastic bag from underneath his air conditioner, and bringing it into the home; Mr. Stewart left the residence approximately 15 minutes later [Id. at 10]; (6) on October 1, 2007, police officers approached Goree after he had gotten out of his vehicle to inquire whether he had a valid driver's license, and he fled from the police. [Id. at 5-6].

Turning to the Defendant's specific arguments, his first argument fails**,** as he has failed to show that counsel was unreasonable for failing to challenge whether the issuing magistrate was "neutral or detached." Goree argues that the magistrate inappropriately

accepted the "bare conclusions" of the affidavit and signed the warrant without proper review. [R. 30, Memo. at 12]. As noted below, Goree has failed to show that the affidavit lacked probable cause, and the undersigned finds no evidence showing that the issuing magistrate abdicated his proper role as a judicial officer. Lo-Ji Sales, Inc. v. New York, 442 U.S. 319, 326-27 (1979); see also, Coolidge v. New Hampshire, 403 U.S. 443 (1971); Connally v. Georgia, 429 U.S. 245 (1977). Counsel was not required to file a frivolous motion to suppress based on this ground.

The Defendant has also failed to show that counsel was unreasonable for failing to challenge whether the affidavit provided probable cause for the issuance of the search warrant. "An issuing judge's finding of probable cause should be given great deference by the reviewing court and should not be reversed unless arbitrarily exercised." United States v. Miller, 314 F.3d 265, 268-69 (6th Cir. 2002) *citing* United States v. Allen, 211 F.3d 970, 973 (6th Cir. 2000). Counsel's affidavit indicates that he researched the search warrant, and determined that a motion to suppress would have been useless. [R. 35, *Affidavit of Counsel*, at 1-2]. In order to invalidate the search warrant, the reviewing court must find that under the "totality of the circumstances" the issuing magistrate did not have a "substantial basis for concluding that a search would uncover evidence of wrongdoing." Miller, 314 F.3d at 269 *citing* Illinois v. Gates, 462 U.S. 213, 236 (1983). In light of the evidence in the record, including the excerpts from the affidavit in support of the warrant, counsel's determination that this standard could not be met clearly falls within the bounds of reasonable professional conduct, and counsel's decision not to challenge the search warrant was reasonable. See

Strickland, 466 U.S. at 687. Even assuming, *arguendo*, that the Defendant could show that the affidavit lacked probable cause, he would also need to show that law enforcement officers were objectively unreasonable in relying on the magistrate's determination of probable cause. Since Goree has failed to make this showing, the search is also validated by the good-faith exception set forth in United States v. Leon, 468 U.S. 897 (1984). This claim of ineffective assistance of counsel fails, as counsel's decision not to challenge the search warrant was reasonable under Strickland, and the Defendant has also failed to show that a challenge based on lack of probable cause would have been successful. Kimmelman v. Morrison, 477 U.S. 365, 374-75 (1986).

Finally, Goree claims that the search warrant should have been invalidated due to false or misleading statements made by the affiant, and due to the fact that he believes that part of the affidavit was appended to the warrant after it was issued. [R. 30, Memo. at 3, 16]. It appears that the primary "false statement" he is referring to involve the affiant's statement that the amount of drugs being sold from the residence was an exigent circumstance, which necessitated immediate entry into Defendant's residence. [Id. at 11-12]. The Defendant also asserts, that the surveillance conducted was "within the 72 [hours] of the warrant's execution and is thus outside it's four corners." [Id. at 10].

Goree states that his attorney should have moved to suppress based on these alleged falsities, and that he should have requested a hearing pursuant to Franks v. Delaware, 438 U.S. 154 (1978). The Sixth Circuit has described the Franks process as follows:

Under Franks, a defendant must satisfy a two-prong test to obtain an

10

> evidentiary hearing. First, a defendant must make a "*substantial preliminary showing* that specified portions of the affiant's averments are deliberately or recklessly false." United States v. Campbell, 878 F.2d 170, 171 (6th Cir. 1989). The second prong of the Franks test requires a court to find that the challenged statements are necessary to a finding of probable cause. If exclusion of the inaccurate statement would leave the affidavit with insufficient content to establish probable cause, then the warrant is invalid. [Franks, 438 U.S. at 171].

United States v. Hill, 142 F.3d 305, 310 (6th Cir. 1998) (emphasis added). Goree has failed to meet either prong required by Franks. Goree's pleadings contain various unsubstantiated allegations that there are falsities within the affidavit; however, these allegations do not amount to the "substantial preliminary showing" required by Franks. Moreover, the reference to the amount of drugs being sold from the residence, and the supposedly erroneous designation of "within 72 hours" are not necessary to the finding of probable cause, and their removal from the affidavit would not affect the probable cause determination. Counsel's decision not to mount an unsupported challenge against the veracity of the affiant was reasonable under Strickland, and this ground does not provide Goree with relief. Goree has also failed to show that a challenge under Franks would have been successful, therefore, he is unable to show that counsel's decision was prejudicial. Kimmelman, 477 U.S. at 375.

### (B) Failure to Investigate "Actual Innocence" on Prior Conviction

Goree's final claim is that he is "actually innocent" of a 1994 Alabama conviction which was used to enhance his sentence, and that his attorney was ineffective failing to investigate this claim [R. 30, Memo. at 16].[2] Goree alleges that this conviction was "vioded

---

[2] The United States indicates that a 1992 conviction was being used as the basis for seeking an enhanced statutory penalty. [R. 9]. However, because the 1994 conviction was

11

[sic] after evidence of police misconduct tainted the conviction. Defendant was released from prison and has diligently sought thereafter to have the conviction removed from his record." [R. 30 at 5-6].

Based on the record before the Court, Goree's claim is meritless. Counsel's affidavit indicates that he discussed the Defendant's allegations with the United States Probation Office prior to sentencing, and that it was determined that the conviction was valid. [R. 35, *Affidavit of Counsel,* at 3-4]. Counsel states that he also discussed the conviction with the Defendant, who admitted that he had sold to a confidential informant, and had pleaded guilty to the charges. [Id.] Based on these discussions, counsel determined that he could not challenge the convictions based on actual innocence. [Id.]. Defendant has provided no evidence to show that the conviction was voided, or that he was actually innocent of the charges. Based on counsel's efforts to investigate the convictions, and the total lack of evidence to support Defendant's assertions, counsel's decision not to challenge the validity of the conviction was reasonable under the standard set forth in Strickland.

## IV. CONCLUSION

Accordingly, and for the reasons set forth above, it is recommended that the Defendant's Motion to Vacate, Set Aside, or Correct Sentence [R. 30] be DISMISSED.

Specific objections to this Report and Recommendation must be filed within fourteen (14) days from the date of service thereof or further appeal is waived. United States v.

---

included in the presentence report, and was used to calculate the Defendant's criminal history, the undersigned will address Defendant's contentions regarding the validity of the conviction.

Campbell, 261 F.3d 628, 632 (6th Cir. 2001); Bituminous Cas. Corp. v. Combs Contracting Inc., 236 F. Supp. 2d 737, 749-750 (E.D. Ky. 2002). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004); Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995). A party may file a response to another party's objections within fourteen (14) days after being served with a copy thereof. 28 U.S.C. § 636(b)(1)(C); Fed. R. Crim. P. 59(a).

Signed November 30, 2010.

Signed By:
Edward B. Atkins   EBA
United States Magistrate Judge