UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CRIMINAL ACTION NO. 07-188-KSF
(CIVIL ACTION NO. 09-7080-KSF)

UNITED STATES OF AMERICA                                                                         PLAINTIFF

v.                                                  **OPINION & ORDER**

JAMES BOYD GOREE, JR.                                                                            DEFENDANT

\* \* \* \* \* \* \* \* \* \* \* \*

This matter is before the Court upon the Motion of the Defendant, James Boyd Goree, Jr.,

pursuant to 28 U.S.C. § 2255, to vacate, set aside, or correct a sentence [DE #30]. The United States

has filed its response in opposition to Goree's motion. [DE #35]. Consistent with local practice, this

matter was referred to the United States Magistrate Judge for consideration. After reviewing *de novo*

the Magistrate Judge's Report and Recommendation [DE #40] and Defendant's Objections [DE

#44], this Court ADOPTS and INCORPORATES the decision of the Magistrate Judge and DENIES

the motion to vacate.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Pursuant to a plea agreement with the United States, Defendant pleaded guilty to possessing

with intent to distribute five or more grams of cocaine base, and waived his right to appeal or

collaterally attack his guilty plea, conviction and sentence. [DE #16]. At his rearraignment,

Defendant explicitly confirmed his waiver of his right to appeal or collaterally attack his guilty plea,

conviction and sentence. [DE #27 at p. 6]. Defendant also confirmed that he was fully satisfied with

the counsel, representation and advice rendered to him by his attorney. [DE #27 at p. 3]. The Court

accepted Defendant's guilty plea and, on May 16, 2008, sentenced Defendant to a term of 120 months imprisonment, to be followed by six (6) years of supervised release. [DE ##15, 23].

Despite Defendant's waiver of the right to collaterally attack his guilty plea, conviction and sentence, and despite his previous statements that he was fully satisfied with his attorney, Defendant filed a Motion to Vacate under 28 U.S.C. § 2255. In his Motion, Defendant alleges that his attorney rendered ineffective assistance of counsel by: (1) failing to file a motion to suppress evidence obtained by a search warrant; and (2) failing to investigate Defendant's claim of "actual innocence" to one of his prior convictions used to designate him as a career offender.

## II.   MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Reviewing the record, the Magistrate Judge determined that Defendant made a knowing and voluntary waiver of his right to appeal or collaterally attack his sentence. According to the Sixth Circuit in *Hunter v. United States*, 160 F.3d 1109, 1113 (6th Cir. 1998), a defendant may waive his right to appeal in a plea agreement so long as the waiver is made knowingly and voluntarily. Moreover, in *Watson v. United States*, 165 F.3d 486, 489 (6th Cir. 1999), the Sixth Circuit held that a defendant may waive the right to collaterally attack a sentence in a plea agreement. Finally, in *Davila v. United States*, 258 F.3d 448, 451 (6th Cir. 2001), the Sixth Circuit held that the waiver of § 2255 relief in a plea agreement bars a collateral attack based upon ineffective assistance of counsel.

Although an exception to the general rule regarding waiver exists if the collateral attack concerns the validity of the waiver itself, *see In re Acosta*, 480 F.3d 421, 422 (6th Cir. 2007), the Magistrate Judge found that Defendant's claims regarding counsel's failure to file a motion to suppress evidence obtained by a search warrant and counsel's failure to investigate Defendant's claim of "actual innocence" to Defendant's prior conviction do not concern the validity of

2

Defendant's plea or waiver. As a result, because Defendant waived the right to collaterally attack his guilty plea, conviction and sentence, the Magistrate Judge determined that Defendant's claims of ineffective assistance of counsel must fail.

Although these grounds alone are sufficient to deny Defendant's Motion, the Magistrate Judge alternatively considered the merits of Defendant's ineffective assistance of counsel claims. In *Dando v. Yukins*, 461 F.3d 791, 798 (6th Cir. 2006), the Sixth Circuit recognized that the two-part test for ineffective assistance of counsel claims established in *Strickland v. Washington*, 466 U.S. 668 (1984), also applies when such claims are raised in challenges to guilty pleas. Applying the *Strickland* test, the Magistrate Judge found that Defendant's motion must also be denied on its merits because Defendant does not demonstrate that his counsel's conduct fell below an objective standard of reasonableness. Specifically, with respect to Defendant's argument that his counsel should have filed a motion to suppress evidence that he claims was obtained pursuant to a defective search warrant, the Magistrate Judge found that Defendant's counsel's conclusion that there were no credible challenges that could be made to the search warrant and resulting decision not to file a motion to suppress were objectively reasonable.

Defendant claims that his counsel should have moved to suppress the search warrant because: (1) "the magistrate was not neutral or detached;" (2) the affidavit in support did not provide probable cause for the search; and (3) the affiant made "false and/or misleading statements" in the affidavit. [DE ##30 at 4; 30-2]. However, the Magistrate Judge found that Defendant failed to show that his counsel was unreasonable for failing to challenge whether the issuing magistrate was "neutral or detached" or that the affidavit lacked probable cause. Similarly, the Magistrate Judge also found that Defendant failed to show that a challenge to the warrant based on lack of probable cause would have

been successful. *Kimmelman v. Morrison*, 477 U.S. 365, 374-75 (1986). The Magistrate Judge further found that Defendant failed to show that a challenge to the search warrant and a request for an evidentiary hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978) on the grounds that the affiant made false or misleading statements would have been successful. Thus, the Magistrate Judge found that Defendant's counsel's decision not to file a motion to suppress on these grounds was reasonable.

With respect to Defendant's claim that his counsel was ineffective for failing to investigate his claim that he is "actually innocent" of a prior conviction used to enhance his sentence, the Magistrate Judge found that, based on Defendant's counsel's efforts to investigate Defendant's prior convictions and the total lack of evidence to support Defendant's assertions regarding this conviction, counsel's decision not to challenge the validity of Defendant's prior conviction was reasonable under the *Strickland* standard. For all of these reasons, the Magistrate Judge recommended that Defendant's motion to vacate be dismissed.

## III.  ANALYSIS

Defendant filed objections to the Magistrate Judge's proposed findings of fact and recommendation on January 12, 2011. [DE #44]. This Court must make a *de novo* determination of those portions of the Magistrate Judge's proposed findings of fact and recommendation to which objection is made. 28 U.S.C. § 636(b)(1)(c). Here, the Court agrees with the Magistrate Judge that the record reveals that Defendant made a knowing and voluntary waiver of his right to appeal and, in view of *Hunter*, *Watson*, and *Davila*, Defendant has waived his right to raise the collateral attacks that form the basis of his motion and objections. For these reasons alone, Defendant's motion must be denied. However, even considering the merits of Defendant's claims, his ineffective assistance

of counsel claim fails because Defendant fails to demonstrate that his counsel's conduct fell below an objective standard of reasonableness. Thus, for the reasons set forth more fully by the Magistrate Judge in his proposed findings of fact and recommendation, Defendant's § 2255 motion must fail.

Moreover, Defendant's objections to the Magistrate Judge's proposed findings and fact and recommendation are unavailing. In his objections, Defendant essentially challenges the methods used by the police officers investigating Defendant's drug trafficking activity. For example, he argues that the police should have conducted a "routine traffic stop" of Anthony Stewart, an individual repeatedly seen entering Defendant's residence and suspected of purchasing drugs from Defendant, in order to search Stewart for drugs. He also questions whether the Lexington Police Department conducted lab tests on plastic baggies retrieved from Defendant's garbage to determine if there was evidence that these baggies had been used for drug trafficking, as well as whether photos exist from the surveillance conducted by the police of Defendant's home. He also questions why the police did not attempt to conduct a controlled drug buy from Defendant. However, even without stopping Stewart after he left Defendant's residence, conducting lab tests on the plastic baggies retrieved from Defendant's trash, taking surveillance photos of Defendant or attempting a controlled drug buy from Defendant, sufficient evidence existed to provide probable cause to issue the search warrant. For example, as noted by the Magistrate Judge, Defendant was identified as a supplier of crack-cocaine by suspects in separate investigations; investigators conducted surveillance of Defendant and his associates and observed actions that, based on their training and experience, they believed to be associated with trafficking in controlled substances; the plastic baggies recovered from Defendant's garbage had torn corners, which is evidence of drug trafficking; investigators recovered evidence of cocaine and marijuana trafficking from the garbage of Stewart, who had

5

repeatedly been seen entering Defendant's residence; during one of Stewart's visits to Defendant's residence, Defendant was observed going outside the home, looking around and retrieving a plastic bag from underneath his air conditioner and bringing it into the home, with Stewart leaving the residence approximately 15 minutes later; and, when police officers approached Defendant on October 1, 2007 to inquire whether he had a valid driver's license, he fled from the police. [DE #40 at p.8]. In addition, Defendant's objections that the police did not do more to investigate his drug trafficking activity are irrelevant to whether his counsel acted reasonably in determining not to file a motion to suppress the evidence obtained as a result of the search conducted pursuant to the search warrant, particularly since that search warrant was supported by probable cause.

Defendant also continues to argue that his prior 1994 conviction used to enhance his sentence should be voided or vacated from his record due to police misconduct. However, Defendant has provided this Court with no evidence showing that his conviction was voided or vacated or that he was actually innocent of the charges. Thus, Defendant's objections are without merit.

For all of these reasons, the Magistrate Judge's proposed findings of fact and recommendation will be adopted as and for the opinion of this Court.

In determining whether a certificate of appealability should issue as to Defendant's claim, the Court turns to *Slack v. McDaniel*, 529 U.S. 473 (2000), for guidance. In that case, the United States Supreme Court held that

> [w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) [governing the issuance of certificates of appealability] is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.

*Id.* at 484.  The Court determines that Defendant has not presented a close call or one which is "debatable" and, therefore, a certificate of appealability will not issue.

After having considered Defendant's objections, which the Court finds to be without merit, and having made a *de novo* determination, the Court is in agreement with the Magistrate Judge's proposed findings of fact and recommendation.  Accordingly, the Court, being otherwise fully and sufficiently advised, HEREBY ORDERS that

(1)     the Magistrate Judge's proposed findings of fact and recommendation [DE #40] is ADOPTED as and for the opinion of the Court;

(2)     the Defendant's objections to the Magistrate Judge's proposed findings of fact and recommendation [DE #44] are OVERRULED;

(3)     the Defendant's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct sentence [DE #30] is DISMISSED WITH PREJUDICE;

(4)     judgment will be entered contemporaneously with this opinion and order in favor of the United States; and

(7)     that this is a final Order and, pursuant to 28 U.S.C. § 2253(c), the Court finds that the Defendant has not made a substantial showing of the denial of a constitutional right and thus no certificate of appealability shall issue.

This March 7, 2011.



Signed By:

*Karl S. Forester*  K S F

United States Senior Judge